IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDY R. REYES,

Petitioner,

v.

JOE A. LIZARRAGA,

Respondent.

No. C 17-4258 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. The original petition had four claims and was assigned to Magistrate Judge Sperm, to whose jurisdiction petitioner consented. Judge Sperm stayed the case to allow petitioner to exhaust a fifth claim in the state courts and directed the Clerk to remove an improper respondent from the docket. On April 11, 2018, petitioner filed an amended petition setting forth the fifth claim and indicating that it was exhausted. On September 21, 2018, Judge Sperm reassigned to the undersigned under *Williams v. King*, 875 F.3d 500, 501-04 (9th Cir. 2017) (requiring consent of all parties "before jurisdiction may vest in a magistrate judge to dismiss any claims or defendants). For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

Petitioner was convicted in 2013 in Santa Cruz County Superior Court. He was sentenced to twelve years in state prison. His appeal to the California Court of Appeals was denied, as were his subsequent habeas petitions in all three levels of the state courts.

## ANALYSIS

### A. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2© of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### B. LEGAL CLAIMS

In his original and amended petitions (Dkt. 1, 10), petitioner claims that: (1) he received ineffective assistance of appellate counsel in failing to investigate or challenge the validity of a sentence enhancement; (2) the denial of his habeas petition by the state superior court violated his right to due process; (3) the trial court violated his rights in imposing a sentence enhancement based upon a finding that his current conviction for battery causing serious bodily injury constituted a "serious felony;" (4) appellate counsel provided ineffective assistance by failing to timely file a petition for direct review by the California Supreme Court; and (5) the trial court violated his Sixth Amendment right to a jury by imposing a sentence enhancement after finding that a prior conviction for assault with a great bodily injury constituted a serious felony.

The second claim is not cognizable. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (errors in the state post-conviction review process are not addressable through federal habeas

corpus proceedings). The other claims, when liberally construed, warrant a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order, the petition, and the amended petition, with all attachments thereto, to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November   6  , 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3